# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 0:24-cv-62421-LEIBOWITZ/AUGUSTIN-BIRCH

JOSHUA ELYASHIV,

    *Plaintiff,*

v.

JUSTIN WILLER,

    *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Joshua Elyashiv's Application for Leave to Proceed Without Prepaying Fees or Costs (the "Motion") [ECF No. 3], filed on December 23, 2024. The financial information Plaintiff has submitted indicates that he is not indigent, and thus, the Motion is denied.

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446–47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *See Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *See Thomas*, 574 F. App'x at 917. "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g., Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307. Rather, an application need only show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

Plaintiff indicates that he and his spouse's combined average monthly income during the past 12 months was $4,000.00, and that he expects he and his spouse to have a combined monthly income of $6,000.00 next month. [ECF No. 3 at 1–2]. Plaintiff estimates his and his spouse's combined monthly expenses are $8,600.00. [*Id.* at 4]. Plaintiff notes that he has a home valued at $400,000.00, and a motor vehicle valued at $10,500.00. [*Id.* at 3].

Based on Plaintiff's affidavit, the Court finds that Plaintiff is not indigent. Although Plaintiff may have expenses that exceed his and his spouse's monthly income, his disclosed assets indicate that Plaintiff is not indigent. *See Slaughter v. Vilsack*, No. 4:12-CV-94 CDL, 2013 WL 1704909, at *1 (M.D. Ga. Apr. 19, 2013) (denying plaintiff's motion to proceed in forma pauperis despite finding that plaintiff's expenses exceed his income because plaintiff had listed several properties with value over $225,000 in his application).

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 3**] is **DENIED**. Plaintiff is directed to pay the filing fee **no later than January 31, 2025**. Failure to make timely payment will result in dismissal of this case without further notice. Any pending motions are **DENIED AS MOOT**. Plaintiff may refile any pending motions once he pays the filing fee.

**DONE AND ORDERED** in the Southern District of Florida on December 30, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: Joshua Elyashiv, *pro se*
2209 NW 49th Ave
Coconut Creek, FL 33063
Email: joshuaelyashiv@gmail.com